IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL CARSON | : |
| | : |
| v. | : Civil Action No.: 2:23-CV-02661-JS |
| | : |
| CITY OF PHILADELPHIA, PHILADELPHIA POLICE DEPARTMENT, FORMER DISTRICT ATTORNEY LYNNE ABRAHAM, FORMER ASSISTANT DISTRICT ATTORNEY DAVID DESIDERIO, FORMER ASSISTANT DISTRICT ATTORNEY CHARLES J. GRANT, PHILADELPHIA POLICE HOMICIDE DETECTIVE MANGONI, BADGE #642, PHILADELPHIA POLICE HOMICIDE DETECTIVE COLLINS, BADGE #9030, PHILADELPHIA HOMICIDE DETECTIVE R. REINHOLD, BADGE #692, PHILADELPHIA POLICE OFFICER GLENN KENNAN, JOHN DOES, ET AL. | : : : : : : : : : : JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of the Motion of Defendants, Former District Attorney Lynne Abraham, Former Assistant District Attorney David Desiderio, and Former Assistant District Attorney Charles Grant, To Dismiss Plaintiff's Complaint, Memorandum of Law in support, and any response thereto, is hereby **ORDERED** and **DECREED** that Moving Defendants' Motion to Dismiss is **GRANTED**, and that all claims against Former District Attorney Lynne Abraham, Former Assistant District Attorney David Desiderio, and Former Assistant District Attorney Charles Grant set forth in Plaintiff's Complaint are hereby **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
                                          J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL CARSON, | : | NO.  2:23-CV-02661-JS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | *Electronically Filed* |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT, FORMER DISTRICT | : | JURY TRIAL DEMANDED |
| ATTORNEY LYNNE ABRAHAM, | : | |
| FORMER ASSISTANT DISTRICT | : | |
| ATTORNEY DAVID DESIDERIO, | : | |
| FORMER ASSISTANT DISTRICT | : | |
| ATTORNEY CHARLES J. GRANT, ET | : | |
| AL., | : | |
| Defendants | : | |

**MOTION OF DEFENDANTS, FORMER DISTRICT ATTORNEY LYNNE ABRAHAM, FORMER ASSISTANT DISTRICT ATTORNEY DAVID DESIDERIO, AND FORMER ASSISTANT DISTRICT ATTORNEY CHARLES GRANT, TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Former District Attorney Lynne Abraham ("DA Abraham"), Former Assistant District Attorney David Desiderio ("ADA Desiderio"), and Former Assistant District Attorney Charles Grant ("ADA Grant")(collectively, "Moving Defendants"), respectfully move for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof aver as follows:

1. Plaintiff, Samuel Carson ("Plaintiff"), commenced this civil rights action on July 12, 2023 by filing a Complaint against ADA Desiderio, ADA Grant, and DA Abraham, as well as the City of Philadelphia, the Philadelphia Police Department and numerous individual police officers.  (ECF 1).

2. Plaintiff alleges that he was unjustly arrested and convicted for a crime he did not commit and has asserted § 1983 claims against ADA Desiderio, ADA Grant, and DA Abraham

- 2 -

for fabrication of evidence/withholding exculpatory and impeachment evidence (Count I), conspiracy (Count II), malicious prosecution (Count III) and failure to intervene (Count IV) and a § 1983 claim against DA Abraham for supervisory liability (Count V).  (ECF 1).

3. Counts I, II, III and IV should be dismissed as against ADA Desiderio because he is entitled to absolute and/or qualified immunity.

4. Counts I, II, III and IV should be dismissed as against ADA Grant because the Complaint does not present facts that indicate ADA Grant had any personal involvement in the alleged misconduct and because ADA Grant is entitled to absolute immunity and/or qualified immunity.

5. Counts I, II, III, IV and V should be dismissed as against DA Abraham because the Complaint does not present facts that indicate DA Abraham had any personal involvement in the alleged misconduct and because DA Abraham is entitled to absolute and/or qualified immunity.

WHEREFORE, for the reasons set forth in the attached Memorandum of Law, it is respectfully requested that the Moving Defendants' Motion to Dismiss Plaintiff's Complaint be GRANTED.

**MARSHALL DENNEHEY, P.C.**

By: _____
Joseph J. Santarone, Jr., Esquire
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2626
Attorney ID No.:  45723
jjsantarone@mdwcg.com
Attorney for Defendants,
Former District Attorney Lynne Abraham,
Former Assistant District Attorney David
Desiderio, and Former Assistant District
Attorney Charles Grant

Dated:  September 8, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL CARSON, | : | NO. 2:23-CV-02661-JS |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | *Electronically Filed* |
| PHILADELPHIA POLICE | : | |
| DEPARTMENT, FORMER DISTRICT | : | JURY TRIAL DEMANDED |
| ATTORNEY LYNNE ABRAHAM, | : | |
| FORMER ASSISTANT DISTRICT | : | |
| ATTORNEY DAVID DESIDERIO, | : | |
| FORMER ASSISTANT DISTRICT | : | |
| ATTORNEY CHARLES J. GRANT, ET | : | |
| AL., | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS, FORMER DISTRICT ATTORNEY LYNNE ABRAHAM, FORMER ASSISTANT DISTRICT ATTORNEY DAVID DESIDERIO, AND FORMER ASSISTANT DISTRICT ATTORNEY CHARLES GRANT, TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Former District Attorney Lynne Abraham ("DA Abraham"), Former Assistant District Attorney David Desiderio ("ADA Desiderio"), and Former Assistant District Attorney Charles Grant ("ADA Grant")(collectively, "Moving Defendants"), by and through their counsel, move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against them, with prejudice. The grounds upon which this motion are based are set forth below.

**I.       STATEMENT OF FACTS**

Plaintiff, Samuel Carson ("Plaintiff"), commenced this civil rights action on July 12, 2023 by filing a Complaint against ADA Desiderio, ADA Grant, and DA Abraham, as well as the City of Philadelphia, the Philadelphia Police Department and numerous individual police officers. (ECF 1). Plaintiff alleges that he was unjustly arrested and convicted for a crime he did not commit and has asserted § 1983 claims against ADA Desiderio, ADA Grant, and DA Abraham for

fabrication of evidence/withholding exculpatory and impeachment evidence (Count I), conspiracy (Count II), malicious prosecution (Count III) and failure to intervene (Count IV) and a § 1983 claim against DA Abraham for supervisory liability (Count V).  (ECF 1).

The allegations from the Complaint, viewed in a light most favorable to Plaintiff[1], provide: On November 22, 1993, William Lloyd ("Lloyd") was found shot to death on the 2100 block of Clymer Street.  (ECF 1, at ¶ 29).  Following the shooting, Philadelphia Police Department officers investigated the Lloyd murder by gathering evidence, obtaining witness statements, examining the crime scene and documenting investigative reports and activity sheets.  (ECF 1, at ¶ 30).

During the course of the investigation, officers took the statements of Gwendolyn Schilling ("Schilling"), Ronald Waters ("Waters"), and Charlene/Carlene Matthews ("Matthews")[2].  (ECF 1, at ¶ 41, 43, 46).  The statements of Schilling, Waters, and Matthews could have been used by Plaintiff to challenge whether he was present at the scene of the Lloyd murder, but were concealed from Plaintiff.  (ECF 1, at ¶ 40, 42, 44, 47-48, 51-53).

Plaintiff was subsequently arrested and tried for the Lloyd murder.  (ECF 1, at ¶ 10, 31).  At trial, the Commonwealth presented four main witnesses: Edgar Clark ("Clark")[3], Ramon Burton ("Burton"), Monique Wylie ("Wylie"), and Ruth Beverly ("Beverly").  (ECF 1, at ¶ 32).  Beverly was the only eyewitness, but she was known to have a chronic drug problem and a statement was

---

[1] While the Court must accept all factual allegations as true when ruling on a motion to dismiss under Rule 12(b)(6), ADA Grant, ADA Desiderio and DA Abraham specifically deny that the factual recitation in the Complaint accurately represents the factual history of events giving rise to this litigation.  ADA Grant, ADA Desiderio and DA Abraham will specifically challenge Plaintiff's recitation of facts and defend their interests from all claims asserted by Plaintiff if the relief sought in this Motion is not granted.
[2] In some paragraphs Plaintiff refers to Matthews as "Carlene" and others as "Charlene."  (ECF 1, at ¶ 35, 36, 43).
[3] In one paragraph Plaintiff refers to Clark as "Clark" and in another as "Clarke."  (ECF 1, at ¶ 32, 38).

provided that Beverly could not have seen the shooting because she had collapsed prior to the shooting due to intoxication. (ECF 1, at ¶ 54).

Burton, a confessed drug dealer who was a wanted person at the time of the Lloyd murder, testified that he drove his girlfriend's Honda Accord to Clymer Street with another drug dealer on in the early morning hours of November 22, 1993 at the behest of Clark. (ECF 1, at ¶ 37-38). Burton saw Plaintiff walking on Clymer Street with another man, at which time Plaintiff and the man began shooting at Burton's vehicle and Burton returned fire, striking the individual with Plaintiff. (ECF 1, at ¶ 38). After Plaintiff fled Clymer Street, Burton heard another set of gun shots, at which time Burton left the Accord and his firearm on Clymer Street. (ECF 1, at ¶ 38). Burton was a fugitive facing deportation, which was used to compel favorable testimony from Burton at Plaintiff's trial. (ECF 1, at ¶ 39).

Wylie, who had a criminal record and was on probation at the time of the shooting, met with ADA Desiderio prior to trial. (ECF 1, at ¶ 56-57). ADA Desiderio offered Wylie a reduced sentence on her probation violation if she testified that Plaintiff, along with others, solicited her to assist in a robbery attempt. (ECF 1, at ¶ 57). Wylie refused and swore by affidavit that she had not witnessed the Lloyd murder but was pressured by ADA Desiderio to testify that she had. (ECF 1, at ¶ 57-58).

On July 14, 1995, Plaintiff was convicted and sentenced to death and later re-sentenced to life imprisonment. (ECF 1, at ¶ 10-12, 33, 63). On October 22, 2019, in connection with his pending petition for writ of habeas corpus, Plaintiff was provided with the prosecution and homicide detective files which contained exculpatory information that had not been previously disclosed. (ECF 1, at ¶ 12, 34-35). Specifically, the files contained the witness statements of

Ronald Waters, Carlene Matthews, and Gwendolyn Schilling. (ECF 1, at ¶ 35). On July 12, 2021, Plaintiff's conviction was vacated. (ECF 1, at ¶ 13, 64).

## II. STATEMENT OF QUESTIONS

1. Should Plaintiff's § 1983 claims against ADA Desiderio be dismissed because he is entitled to absolute and/or qualified immunity?

   **Suggested answer: Yes.**

2. Should Plaintiff's § 1983 claims against ADA Grant be dismissed because the Complaint does not present facts that indicate ADA Grant had any personal involvement in the alleged misconduct and because ADA Grant is entitled to absolute immunity and/or qualified immunity?

   **Suggested answer: Yes.**

3. Should Plaintiff's § 1983 claims against DA Abraham be dismissed because the Complaint does not present facts that indicate DA Abraham had any personal involvement in the alleged misconduct and because DA Abraham is entitled to absolute and/or qualified immunity?

   **Suggested answer: Yes.**

## III. ARGUMENT

### A. Standard of Review

When considering a motion to dismiss, the court may dismiss the claim if it appears beyond a reasonable doubt that the plaintiff cannot prove those set of facts in support of a claim which would entitle him to relief. Labove v. Lalley, 809 F.2d. 220 (3d Cir. 1987). To withstand a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." Id. at 555.  Although a plaintiff is entitled to all reasonable inferences from well-plead allegations, a plaintiff's legal conclusions are not entitled to deference and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).  The court also need not accept as true "unsupported conclusions and unwarranted inferences." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183-184 (3d Cir. 2000).

    **B.**    **Plaintiff's Claims Against ADA Desiderio Should Be Dismissed**

Plaintiff's claims against ADA Desiderio for fabrication of evidence/withholding exculpatory and impeachment evidence (Count I), conspiracy (Count II), malicious prosecution (Count III) and failure to intervene (Count IV) should be dismissed because ADA Desiderio is entitled to absolute immunity or qualified immunity.

    **1.**    **ADA Desiderio is entitled to absolute immunity**

To state a claim under section 1983, a plaintiff must demonstrate that "some person has deprived him of a federal right…[and] that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).  The United States Supreme Court has held that certain officials "functioning as integral parts of the judicial process" are absolutely immune from civil suits under § 1983. Ernst v. Child and Youth Services of Chester County, 108 F.3d 486, 494 (3d Cir. 1997).

In Imbler v. Pachtman, 424 U.S. 409 (1976), the Court held that prosecutors are absolutely immune from suits under § 1983 when they perform judicial or quasi-judicial acts that are integral parts of the judicial process.  In reaching that decision, the Court relied on numerous public policy considerations, including:

> [S]uits against prosecutors for initiating and conducting prosecutions "could be expected with some frequency, for a defendant often will transform his resentment

>at being prosecuted into the ascription of improper and malicious actions to the State's advocate"; lawsuits would divert prosecutors' attention and energy away from their important duty of enforcing the criminal law; prosecutors would have more difficulty than other officials in meeting the standards for qualified immunity; and potential liability "would prevent the vigorous and fearless performance of the prosecutor's duty that is essential to the proper functioning of the criminal justice system."

Burns v. Reed, 500 U.S. 478, 485–486 (1991)(citing Imbler, 424 U.S. at 425, 427-428). As a result, the Court held that absolute immunity attaches to all actions performed by a prosecutor in a "quasi-judicial" role, which includes activity taken while in court, as well as selected out of court behavior "intimately associated with the judicial phase" of the criminal process. Imbler, 424 U.S. at 430.

A prosecutor will enjoy absolute immunity for his actions on behalf of the state in preparing for, initiating, and prosecuting criminal charges, even when those charges are initiated maliciously, unreasonably, or without probable cause. See Rose v. Bartle, 871 F.2d 331, 347 n.12 (3d Cir. 1989); Joseph v. Patterson, 795 F.2d 549, 557 (6th Cir. 1986), cert. denied, 481 U.S. 1023 (1987). Courts have found that the duties of a prosecutor in his role as advocate for the state involve actions apart from the courtroom, such as the preparation necessary to present a case which includes obtaining, reviewing, and evaluating evidence. Schrob v. Catterson, 948 F.2d 1402, 1414 (3d Cir. 1991).

In determining whether particular actions of government officials fit within absolute immunity, courts apply a "functional approach" which looks to "the nature of the function performed, not the identity of the actor who performed it." Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993). Activities which have been found to be protected by absolute immunity include making false statements in judicial proceedings and eliciting knowingly false testimony from witnesses, see Burns, 500 U.S. at 490; Tate v. Grose, 412 F. Supp. 487, 488 (E.D. Pa. 1976),

procuring and soliciting false testimony for use in grand jury proceedings, see Rose, 871 F.2d at 344-345, and obtaining a false statement from a jailhouse informant who received a reduced sentence and other incentives for the false testimony, see Yarris v. County of Delaware, 465 F.3d 129, 139 (3d Cir. 2006). Generally, actions relating to a prosecutor's handling and presentation of evidence are squarely within a prosecutor's advocacy function—and thus entitled to absolute immunity. See Henderson v. Fisher, 631 F.2d 1115, 1120 (3d Cir. 1980).

Each of Plaintiff's claims against ADA Desiderio involve actions taken by ADA Desiderio in preparing for, initiating, and prosecuting criminal charges. Specifically, Plaintiff alleges that ADA Desiderio coerced and fabricated testimony to use against Plaintiff at trial and suppressed impeachment evidence that would have contradicted the witnesses who testified against Plaintiff at trial and that this conduct deprived Plaintiff of a fair trial. (ECF 1, at ¶ 32, 46, 48, 53-57, 110, 112, 114, 119, 123). However, as discussed above, courts have routinely held that a prosecutor's procurement, solicitation and presentation of perjured testimony, handling and presentation of evidence, and withholding exculpatory evidence are all actions which fall squarely within a prosecutor's advocacy function and are quintessential advocatory acts protected by absolute immunity. See Burns, 500 U.S. at 490; Rose, 871 F.2d at 344-343; Henderson, 631 F.2d at 1120; Yarris, 465 F.3d at 139; Segers, 12 F. Supp. 3d at 739; Tate, 412 F. Supp. at 488; see also Quintana v. City of Philadelphia, 2017 WL 3116265, *7-8 (E.D. Pa. July 21, 2017)(finding individual district attorney and assistant district attorneys were entitled to absolute immunity for plaintiff's claims that prosecutors charged him with attempted rape and murder despite knowing their evidence was insufficient and false, disregarded the differences in the victim's physical description of her attacker and the plaintiff, failed to disclose discovery, conspired to wrongfully convict the plaintiff despite ample evidence to the contrary, and conspired to present false testimony at the

plaintiff's trial); see also Horne v. Does, 2013 WL 4083858, at *10 (M.D. Pa. July 23, 2013)(finding that the allegation of conspiracy between the two prosecutor-defendants and the other defendants comes within a prosecutor's absolute immunity).

Furthermore, Plaintiff's claims are not saved merely because he alleged that ADA Desiderio was acting in an investigatory capacity. As the Third Circuit has indicated, "the mere invocation of the catch-word 'investigatory'…cannot suffice…to forestall dismissal on immunity grounds." Rose, 871 F.2d at 344.

Finally, Plaintiff repeatedly emphasizes that the conduct of Defendants, including ADA Desiderio, was allegedly admitted to be a violation of Brady v. Maryland, 373 U.S. 83, 87 (1963), presumably to attempt to strengthen his claims. (ECF 1, at ¶ 12, 50, 75). Nevertheless, absolute immunity extends even to claims that prosecutors have deliberately withheld exculpatory evidence. See Johnson v. City of Reading, 2023 WL 1783775, at *15 (E.D. Pa. Feb. 6, 2023)("Regarding Johnson's allegations relating to Baldwin's failure to turn over Brady material, 'prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity.' Yarris v. Cnty. of Delaware, 465 F.3d 129, 137 (3d Cir. 2006). As such, despite defying a court order to disclose exculpatory evidence relating to Robles, Baldwin still did not abandon his prosecutorial role."); see also Segers v. Williams, 12 F. Supp. 3d 734, 739 (E.D. Pa. 2014).

Because each of the improper acts attributed to ADA Desiderio occurred while he was acting as an advocate during a judicial proceeding, ADA Desiderio is entitled to absolute immunity from Plaintiff's claims asserted against him.

### 2. Count IV of the Complaint should be dismissed because ADA Desiderio is entitled to qualified immunity

In Count IV, Plaintiff asserts a claim against ADA Grant for his alleged failure to intervene to stop evidence from being fabricated and suppressed. (ECF 1, ¶ 130-132). However, to the extent absolute immunity does not apply to the failure to intervene claim, ADA Desiderio is entitled to qualified immunity.

Under the defense of qualified immunity, a state officer is shielded from a suit for monetary damages under § 1983 unless "the official violated a...constitutional right," and "the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that [s]he was violating it." Plumhoff v. Rickard, 572 U.S. 765, 778-779 (2014). The legal rule must have been "dictated by controlling authority or a robust consensus of cases of persuasive authority." District of Columbia v. Wesby, 138 S. Ct. 577, 589-590 (2018).

Here, the conduct at issue occurred between 1993 and 1995. However, a prosecutor's duty to intervene was not clearly established between 2001 and 2006. See Weimer v. Cty. of Fayette, Pennsylvania, 972 F.3d 177, 191-192 (3d Cir. 2020). As a result, such a duty certainly could not have been clearly established between 1993 and 1995 such that ADA Desiderio is entitled to qualified immunity on the failure to intervene claim, and Count IV must be dismissed with prejudice.

### C. Plaintiff's Claims Against ADA Grant Should Be Dismissed

Plaintiff's claims against ADA Grant for fabrication of evidence/withholding exculpatory and impeachment evidence (Count I), conspiracy (Count II), malicious prosecution (Count III) and failure to intervene (Count IV) should be dismissed because the Complaint does not present facts

that indicate ADA Grant had any personal involvement in the alleged misconduct and because ADA Grant is entitled to absolute immunity or qualified immunity.

### 1. The Complaint does not present facts that indicate ADA Grant had any personal involvement in the alleged misconduct

Plaintiff's claims against ADA Grant are based on the alleged suppression and fabrication of evidence and testimony. To be individually liable under § 1983, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); see also C.H. ex rel. Z.H. v. Oliva, 226 F.3d 198, 201 (3d Cir. 2000). Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence, which must be made with appropriate particularity." Rode, 845 F.2d at 1207.

Here, Plaintiff presents no facts suggesting that ADA Grant had knowledge of or personal involvement in any decision to suppress and/or fabricate evidence and confessions against Plaintiff. Indeed, only two paragraphs of the 156-paragraph Complaint makes any specific factual allegations against ADA Grant, and those allegations are simply that the withheld statements were purposefully excluded from the discovery letter sent by ADA Grant to Plaintiff's counsel. (ECF 1, at ¶ 49, 75). Those allegations are not sufficient to demonstrate ADA Grant was personally involved in the suppression and fabrication of any evidence or confessions, and Plaintiff has failed to state a claim against ADA Grant. See Damiani v. Duffy, 754 Fed. Appx. 142, 146 (3d Cir. 2018); Rode, 845 F.2d at 1207; Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Deangelo v. Brady, 185 Fed. Appx. 173, 175 (3d Cir. 2006).

To the extent Plaintiff is attempting to rely on ADA Grant's position as chief of the homicide division in the DA's Office to support Plaintiff's claims, (ECF 1, ¶ 21), the fact that ADA Grant was in a supervisory position does not, standing alone, establish his liability. See Brown v.

Dep't of Corr., 2021 WL 5769551, at *3 (E.D. Pa. Dec. 6, 2021)("Generalized allegations that a supervisory defendant is 'in charge of' or 'responsible for' an office or facility is not sufficient to allege personal involvement in an underlying constitutional violation."); McQueen v. Philadelphia Hous. Auth., 2003 WL 22533726, at *3 (E.D. Pa. Sept. 26, 2003)("[C]onstructive knowledge by virtue of being the supervisor of subordinates who may have actual knowledge is not sufficient to support liability under § 1983.").

### 2. ADA Grant is entitled to absolute immunity

Even if this Court somehow determines that Plaintiff has adequately alleged the personal involvement of ADA Grant in the alleged suppression and fabrication of evidence and testimony, ADA Grant is entitled to absolute immunity.

As discussed above, the only allegations related specifically to ADA Grant are that the withheld statements were purposefully excluded from the discovery letter sent by ADA Grant to Plaintiff's counsel. (ECF 1, at ¶ 49, 75). However, absolute immunity extends even to claims that prosecutors have deliberately withheld exculpatory evidence. See Johnson, 2023 WL 1783775, at *15; Segers, 12 F. Supp. 3d at 739.

To the extent Plaintiff generally attempts to hold ADA Grant liable for the alleged suppression and fabrication of evidence and testimony, courts have routinely held that a prosecutor's procurement, solicitation and presentation of perjured testimony, handling and presentation of evidence, and withholding exculpatory evidence are all actions which fall squarely within a prosecutor's advocacy function and are quintessential advocacy acts protected by absolute immunity. See Burns, 500 U.S. at 490; Rose, 871 F.2d at 344-343; Henderson, 631 F.2d at 1120; Yarris, 465 F.3d at 139; Tate, 412 F. Supp. at 488; Horne, 2013 WL 4083858, at *10.

Because the allegations against ADA Grant involve acts that occurred during a judicial proceeding, ADA Grant is entitled to absolute immunity from Plaintiff's § 1983 claims asserted against him.

### 3. Count IV of the Complaint should be dismissed because ADA Grant is entitled to qualified immunity

To the extent this Court finds, that ADA Grant is not entitled to absolute immunity on all claims, ADA Grant is entitled to qualified immunity with respect to the failure to intervene claim asserted in Count IV.

As set forth above, the Third Circuit has held that a prosecutor's duty to intervene to prevent an unconstitutional police investigation was not clearly established prior to 2006 such that it could not be said that "any reasonable [prosecutor]" investigating the murder would have understood she was violating the plaintiff's constitutional rights in failing to intervene to prevent improper investigatory conduct. Weimer, 972 F.3d at 191. Because the conduct at issue here occurred between 1993 and 1995, a prosecutor's duty to intervene certainly could not have been clearly established in the relevant time period. As a result, ADA Grant is entitled to qualified immunity on the failure to intervene claim, and Count IV must be dismissed with prejudice.

### D. Plaintiff's Claims Against DA Abraham Should Be Dismissed

Plaintiff's claims against DA Abraham for fabrication of evidence/withholding exculpatory and impeachment evidence (Count I), conspiracy (Count II), malicious prosecution (Count III), failure to intervene (Count IV), and supervisory liability (Count V) should be dismissed because the Complaint does not present facts that indicate DA Abraham had any personal involvement in the alleged misconduct directed against Plaintiff or, in the alternative, because DA Abraham is entitled to absolute or qualified immunity.

1. **Counts I, II, III and IV should be dismissed because the Complaint does not present facts that indicate DA Abraham had any personal involvement in the alleged misconduct directed against Plaintiff or, in the alternative, because DA Abraham is entitled to absolute immunity**

In Counts I, II, III, and IV Plaintiff alleges claims against all Defendants, including DA Abraham, based on their alleged fabrication of evidence and withholding and suppression of exculpatory and impeachment evidence. As with the argument regarding ADA Grant set forth above, Plaintiff presents no facts suggesting that DA Abraham had knowledge of or personal involvement in any decision to suppress and/or fabricate evidence and testimony against Plaintiff. Indeed, only one paragraph of the 156-paragraph Complaint makes any specific factual allegations against DA Abraham, and that allegation is simply that DA Abraham "known reputationally as 'American's deadliest DA,' was at all relevant times the chief policymaker in the DA's Office, and espoused a fundamentally incorrect and unconstitutional interpretation of Brady." (ECF 1, at ¶ 80). That allegation is not sufficient to demonstrate DA Abraham was personally involved in the suppression and fabrication of any evidence or testimony, and Plaintiff has failed to state a claim against DA Abraham. See Damiani, 754 Fed. Appx. at 146; Young, 2017 WL 3769272, at *4; Rode, 845 F.2d at 1207; Iqbal, 556 U.S. at 676; Deangelo, 185 Fed. Appx. at 175; Young, 926 F.2d at 1405 n.16; Marchese, 110 F. Supp. 2d at 371.

To the extent Plaintiff is attempting to rely on DA Abraham's position as the District Attorney to support Plaintiff's claims, the fact that DA Abraham was in a supervisory position does not, standing alone, establish her liability. See Brown, 2021 WL 5769551, at *3; McQueen, 2003 WL 22533726, at *3. Because the Complaint does not present facts that indicate DA Abraham had any personal involvement in the alleged misconduct directed against Plaintiff, Plaintiff's individual capacity claims in Counts I, II, III and IV against DA Abraham are insufficient and fail

as a matter of law.  See Segers, 12 F. Supp. 3d at 740 n.8; Rode, 845 F.2d at 1207-1208; DeBellis, 166 F. Supp. 2d at 277.

Even if this Court somehow determines that Plaintiff has adequately alleged the personal involvement of DA Abraham in the alleged fabrication and/or suppression of evidence or testimony, for same reasons discussed above with regard to ADA Grant and ADA Desiderio, DA Abraham would be entitled to absolute immunity.  As discussed above, each of Plaintiff's claims contained in Counts I, II III, and IV involve actions taken in preparing for, initiating, and prosecuting criminal charges.  Courts have routinely held that a prosecutor's procurement, solicitation and presentation of perjured testimony, handling and presentation of evidence, and withholding exculpatory evidence are all actions which fall squarely within a prosecutor's advocacy function and are quintessential advocatory acts protected by absolute immunity.  See Burns, 500 U.S. at 490; Rose, 871 F.2d at 344-343; Henderson, 631 F.2d at 1120; Yarris, 465 F.3d at 139; Segers, 12 F. Supp. 3d at 739; Tate, 412 F. Supp. at 488; Quintana, 2017 WL 3116265 at *7-8.  Because each of the improper acts alleged in Counts I, II, III and IV occurred during a judicial proceeding, DA Abraham is entitled to absolute immunity.

  **2.**  **Count V of the Complaint should be dismissed because DA Abraham is entitled to absolute immunity**

In Count V, Plaintiff has asserted a § 1983 claim against DA Abraham for supervisory liability.  The Third Circuit has recognized two theories of supervisory liability: one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.  Parkell v. Danberg, 833 F.3d 313, 330 (3d Cir. 2016).  However, where the alleged failure to supervise was directly

connected to conduct at trial, absolute immunity will apply. See Van de Kamp v. Goldstein, 555 U.S. 335 (2009); Wilson v. City of Philadelphia, 2023 WL 5186258, at *7 (E.D. Pa. Aug. 11, 2023).

Here, Plaintiff's supervisory liability claims against DA Abraham is based on her alleged failure to adequately supervise, discipline or train ADA Grant and ADA Desiderio which resulted in them fabricating and suppressing evidence. (ECF 1, at ¶ 134-136). These claims relating to DA Abraham's alleged failure to train or supervise her subordinates and her alleged creation of policies which resulted in the alleged misconduct by prosecutors is protected by absolute immunity because they are directly connected with the conduct of a trial. See Wilson, 2023 WL 5186258, at *7; Quintana, 2017 WL 3116265, at *7–8; Segers, 12 F. Supp. 3d at 740-741. As a result, Count V must be dismissed.

### 3. Count IV of the Complaint should be dismissed because DA Abraham is entitled to qualified immunity

To the extent this Court finds, that DA Abraham is not entitled to absolute immunity on all claims, as with ADA Desiderio and ADA Grant above, DA Abraham is entitled to qualified immunity with respect to the failure to intervene claim asserted in Count IV because the conduct at issue here occurred between 1993 and 1995, such that a prosecutor's duty to intervene certainly could not have been clearly established in the relevant time period. Weimer, 972 F.3d at 191.

## IV. CONCLUSION

Based upon the foregoing, ADA Desiderio, ADA Grant and DA Abraham respectfully request that their Motion to Dismiss Plaintiff's Complaint be granted and that an Order be entered dismissing all claims against them.

                                            **MARSHALL DENNEHEY, P.C.**

By:    _[signature]_____
       Joseph J. Santarone, Jr., Esquire
       2000 Market Street, Suite 2300
       Philadelphia, PA  19103
       (215) 575-2626
       Attorney ID No.:  45723
       jjsantarone@mdwcg.com
       Attorney for Defendants,
       Former District Attorney Lynne Abraham,
       Former Assistant District Attorney David
       Desiderio, and Former Assistant District
Dated:  September 8, 2023       Attorney Charles Grant

## CERTIFICATE OF SERVICE

I, Joseph J. Santarone, Jr., Esquire hereby certify that a true and correct copy of the foregoing was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY, P.C.**

By: _____
Joseph J. Santarone, Jr., Esquire
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2626
Attorney ID No.:  45723
jjsantarone@mdwcg.com
Attorney for Defendants,
Former District Attorney Lynne Abraham,
Former Assistant District Attorney David Desiderio, and Former Assistant District Attorney Charles Grant

Dated:  September 8, 2023