**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| SAMUEL CARSON | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO.  2:23-CV-02661-JS |
| CITY OF PHILADELPHIA. et al. | : | |
| Defendants | : | |

**ORDER**

AND NOW, this _____ day of _____, 2025, upon

consideration of the Defendants City of Philadelphia and Police Officer Keenan's Motion

in Limine to Preclude Hearsay Documents is DENIED.  If documents that the

Defendants only anticipate the Plaintiff will seek to introduce, namely an August 31,

2001 Declaration of Monique Wiley are, in fact , introduced, the Court will determine at

that time the purpose for which said documents are being introduced, namely whether

they are being offered to prove the truth of the matters asserted therein, or whether they

are being offered for some other purpose, neither of which is known at this time.


By the Court,


_____

Juan R. Sanchez, C. J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

SAMUEL CARSON                :        CIVIL ACTION
                    Plaintiff        :
                                          :
      VS.                              :
                                          :
                                          :        NO.  2:23-CV-02661-JS
CITY OF PHILADELPHIA. et al.  :
                    Defendants   :

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF
PHILADELPHIA AND POLICE OFFICER KEENAN'S MOTION _IN LIMINE_ TO
PRECLUDE HEARSAY DOCUMENTS.**

Plaintiff, Samuel Carson (hereinafter "Plaintiff"), by and through the undersigned

counsel, respectfully moves this Court for an Order denying Defendants City of

Philadelphia and Police Officer Keenan's Motion _In Limine_ to Preclude Hearsay

Documents where any the admission into evidence of documents or testimonial

evidence, specifically an August 31, 2001 Declaration of Monique Wiley, is entirely

speculative at this time, and the reason that any such document might be offered into

evidence, if any exists, is similarly speculative and unknown.   It may be offered, in

whole or in part, to prove the truth of the matters asserted therein, or it may not; it may

be offered for another purpose.  The Court can determine at that time the admissibility

of any such document when, and if, it is offered into evidence.  A reviewing court will

review the district court's evidentiary rulings principally on an abuse of discretion

standard." United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010).

Respectfully submitted,

Date:  July 27, 2025

DEAN F. OWENS II,  ESQUIRE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAMUEL CARSON | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | |
| | : | NO.  2:23-CV-02661-JS |
| CITY OF PHILADELPHIA. et al. | : | |
| Defendants | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS CITY OF PHILADELPHIA AND POLICE OFFICER KEENAN'S MOTION *IN LIMINE* TO PRECLUDE HEARSAY DOCUMENTS.**

**I.    Relevant Facts**.

Defendants speculate that the Plaintiff will seek to offer into evidence an August 31, 2001 Declaration by Monique Wiley, and speculates further that it will be inadmissible hearsay seeking to prove the truth of the matters asserted therein. Assuming that such a Declaration will be offered, its purpose for being proffered, in whole or in part, is unknown at this time.  Additionally Monique Wylie has been listed on Plaintiff's trial witness list, making the Motion moot in its entirety assuming Ms. Wylie presents to court.

**II.    Relevant Law**

**A.    Statutory Law**

**Federal Rule of Evidence 401. Test for Relevant Evidence**

Evidence is relevant if:

>        (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

>        (b) the fact is of consequence in determining the action.

**Federal Rule of Evidence 402. General Admissibility of Relevant Evidence**

Relevant evidence is admissible unless any of the following provides otherwise:

the United States Constitution;
a federal statute;
these rules; or
other rules prescribed by the Supreme Court.

Federal Rule of Evidence 801(c). Hearsay

(c) Hearsay. "Hearsay" means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

**Federal Rule of Evidence 802. The Rule Against Hearsay**

Hearsay is not admissible unless any of the following provides otherwise:

a federal statute;
these rules; or
other rules prescribed by the Supreme Court

B.    **Case Law**

A reviewing court will review the district court's evidentiary rulings principally on an abuse of discretion standard." United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010). "[T]o the extent [the District Court's rulings] are based on a legal interpretation of the Federal Rules of Evidence" we "exercise plenary review." Ibid.

1

## III.    Argument

The moving Defendants speculate that the Plaintiff will seek to introduce an August 31, 2001 Declaration of Monique Wiley, and assumes further that, if introduced, the document will be offered to prove the truth of the matters asserted therein.  Even assuming that the Plaintiff would seek to introduce such a Declaration, or any part thereof, it is not now known the purpose for which its introduction would be sought.  It is too early to make a ruling on the speculation that a certain declaration or testimony based thereon will be offered into evidence.

If and when such a Declaration of offered into evidence, and assuming that the Declaration is relevant under FRE 401 and 402, the Court can then determine whether it is hearsay under FRE 801 and 802, and its ruling will be reviewed on an abuse of discretion standard." United States v. Green, 617 F.3d 233, 239 (3d Cir. 2010).  Such a ruling now would be premature.  The moving Defendants City of Philadelphia and Police Officer Keenan's Motion *In Limine* to Preclude Hearsay Documents should be denied at this time as premature.

## IV.    Conclusion

For the reasons outlined above, the moving Defendants City of Philadelphia and Police Officer Keenan's Motion *In Limine* to Preclude Hearsay Documents should be denied at this time as premature.

Respectfully submitted,

2

DEAN F. OWENS II,  ESQUIRE

Date: July  27, 2025